Scott, J., dissenting.
I think the judgment of the court of common pleas should not have been reversed by the district court. The only error found by the majority of my brethren to have occurred upon the trial, and which they think justified the reversal of the judgment, is that the court permitted the witness, Hedges, to testify that at the *209 time of making the contract in question the estate of the plaintiff's deceased son, of which the plaintiff was administrator, was indebted to the witness. If it be conceded that this evidence was improperly admitted, yet, under the charge of the court, it could not have prejudiced the defendant, and was in fact withdrawn from the consideration of the jury-
The judge clearly stated to the jury that the mere fact of such indebtedness was immaterial in the trial of the issues submitted to them. But that if the plaintiff, when the contract was entered into, admitted such indebtedness, and desired to pay the same by the sale of his own property, such facts, if found by them, might properly be considered in connection with the other evidence in the case, as tending to corroborate the testimony of Hedges and the claim of the defendant. The court said to the jury, speaking of the supposed indebtedness : “ Yet if the plaintiff did not admit it, or, admitting, yet was unwilling to pay it in the manner it is claimed by the defendant to have been paid, such indebtedness would be no evidence tending to corroborate the making of such contract as is claimed by the defendant to have been made by the plaintiff.” The jury was thus restricted to the consideration of the evidence bearing upon the terms of the contract, and the res gestee occurring at the time when it was entered into. Under such a charge, I can not conceive how the plaintiff below could have been prejudiced by the evidence complained of
Day, C. J., also dissented.